**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| H.D. SMITH WHOLESALE DRUG CO., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3448 |
| | ) | |
| DENNIS CRAWFORD d/b/a | ) | |
| CRAWFORD PHARMACIES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff H.D. Smith Wholesale

Drug Co.,'s (H.D. Smith) Motion to Strike Defendant's Affirmative Defenses

1-4 Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (d/e 7)

(Motion).  For the reasons set forth below, the Motion is ALLOWED in part

and DENIED in part.

H.D. Smith's claims against Defendant Dennis Crawford d/b/a

Crawford Pharmacies (Crawford) arises from a contractual relationship

between the parties.  Notice of Removal (d/e 1) attached Complaint.

Crawford removed this matter to federal court on December 24, 2011.

Notice of Removal.  On January 24, 2012, H.D. Smith sought a remand of

the case to state court.  Plaintiff's Response to Defendant's Notice of

Removal (d/e 2). Crawford filed his answer and affirmative defenses on February 15, 2012. Answer to Complaint and Affirmative Defenses (d/e 3) (Answer). The remand issue was still pending at that time. On February 22, 2012, H.D. Smith filed a motion to extend the time to respond to the Answer until after the remand issue was resolved. Motion to Extend Response Deadline (d/e 5). The Court granted the extension of time. The Court stated that it would set the deadline for responding to the Answer after the remand issue was resolved. Text Order entered February 23, 2012.

H.D. Smith never asked for leave to file a reply to the Answer even though it secured an extension of time to file a response. A reply to an answer may be filed only if the Court orders one. Fed. R. Civ. P. 7(a)(7) ("(a) Only these pleadings are allowed: . . . (7) if the court orders one, a reply to an answer."). Otherwise, no response is allowed and all matters asserted in an answer and affirmative defenses are deemed to be denied or avoided by the plaintiff. Fed. R. Civ. P. 8(b)(6) ("If a responsive pleading is not required, an allegation is considered denied or avoided.").

On April 16, 2012, the Court allowed H.D. Smith to withdraw the motion to remand the case. The Court, however, did not set a deadline for responding to the Answer. Text Order entered April 16, 2012. The Court has never set such a date. H.D. Smith further has never sought leave to

reply to the Answer, and no leave has ever been granted.  Instead, H.D. Smith filed the Motion on May 11, 2011.

Crawford asks the Court to deny the Motion as untimely.  The Court will not deny the Motion as untimely under the peculiar procedural posture of this case.  A motion to strike may be filed, "either before responding to a pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f)(2).  In this case, the Motion is timely because H.D. Smith filed the Motion before responding to the Answer.  H.D. Smith secured an extension of time to respond to the Answer, and that extension of time is currently indefinite.  The grant of the extension of time indicates that, in this case, the Court contemplated allowing a reply to the Answer.  The Motion was filed before the time expired to seek leave to reply and to file such a reply.  The Motion was, therefore, timely under Rule 12(f) because it was "filed before responding to a pleading."  Id.

The Motion asks the Court to strike Crawford's affirmative defenses. Affirmative defenses are subject to the same pleading requirements as complaints.  Carlson v. Ameren Corp., 2011 WL 223105 (C.D. Ill. January 21, 2011).  Motions to strike, however, are disfavored.   Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989).  A plaintiff is not required to respond to affirmative defenses and is deemed

to have denied or avoided all allegations in each affirmative defense. Fed. R. Civ. P. 7(a) & 8(b)(6). Thus, motions to strike defenses may be unnecessary and, potentially, may only serve to delay proceedings. Heller Financial, Inc., 883 F.2d at 1294. As a result of these concerns, affirmative defenses will be stricken only when it is clear that the pleading is insufficient on its face. Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1400 (7th Cir. 1991).

In this case, Crawford pleads four defenses. Crawford's first defense alleges that Crawford is not liable because the Crawford executed the contracts under duress. Economic duress occurs when a party is induced to make a contract by the wrongful conduct of the other party under circumstances that are so severe the first party is "bereft of the quality of mind essential to the making of a contract." Resolution Trust Corp. v. Ruggiero, 977 F.2d 309, 313 (7th Cir. 1992); Kaplan v. Kaplan, 25 Ill.2d 181, 185-86, 182 N.E.2d 706, 709 (Ill. 1962). H.D. Smith argues that Crawford does not allege facts to establish duress. The Court agrees. Crawford alleges that his financial condition was so severe that he was incapable of entering into a bargain with H.D. Smith. Answer, at 10. Crawford, however, does not allege the wrongful conduct that H.D. Smith committed to induce Crawford to execute the contracts at issue. The

defense, therefore, fails to plead this essential element.  The defense is stricken.

Crawford's second defense alleges that H.D. Smith acted with unclean hands, and his third defense alleges that H.D. Smith engaged in fraud.  H.D. Smith argues that these two defenses must be stricken because Crawford did not plead these defenses with particularity. Plaintiff's Memorandum of Law in Support of Motion to Strike (d/e 8), at 3-4.  Fraud must be plead with particularity.  Fed. R. Civ. P. 9(b).  Crawford fails to plead his fraud defense with any specificity or particularity.  The third defense of fraud, therefore, is stricken.

Crawford, however, is not required to plead his defense of unclean hands with particularity.  Rule 9(b) only requires fraud and mistake to be plead with particularity, not equitable defenses such as unclean hands. Fed. R. Civ. P. 9(b).  H.D. Smith relies on Global Poly Inc. v. Fred's Inc., 2004 WL 532844 (N.D. Ill. March 11, 2004), for the proposition that Rule 9(b) applies to unclean hands defenses.  The Global Poly decision, however, only stated that an unclean hands defense may sometimes be based on fraud, and in such cases, Rule 9(b) applies.  Id. at *6.[1]  Crawford

---

[1]The Global Poly court also did not base its ruling on Rule 9(b).  Rather, the court struck the unclean hands defense because the defendant's "allegation fail[ed] to provide the basic notice required by Rule 8(a)."  Global Poly, Inc., 2004 WL 532844, at *6.  H.D. Smith does not challenge whether Crawford's second affirmative defense meets the notice requirements of Rule 8(a).

does not base his unclean hands defense on fraud.  See Answer, at 10.

Thus, Rule 9(b) does not apply.  The request to strike Crawford's second

defense is denied.

Crawford's fourth affirmative defense asserts a right of set off.  H.D.

Smith moves to strike this defense because a set off is not an affirmative

defense because a set off does not avoid liability completely, but only

reduces the amount of liability.  H.D. Smith is technically correct that set off

may not be an affirmative defense; however, Rule 8 directs a party

responding to a pleading to "affirmatively state any avoidance or affirmative

defense."  Fed. R. Civ. P. 8(c).  Crawford properly pleads set off as an

avoidance of some or all liability.  Furthermore, Crawford's set off defense

furthers the case by putting both H.D. Smith and the Court on notice that a

set off will be an issue in the case.  The Court, therefore, will not strike the

defense.

WHEREFORE Plaintiff H.D. Smith Wholesale Drug Co.,'s Motion to

Strike Defendant's Affirmative Defenses 1-4 Pursuant to Rule 12(f) of the

Federal Rules of Civil Procedure (d/e 7) is ALLOWED in part and DENIED

in part.  Defendant Dennis Crawford d/b/a Crawford Pharmacies' first and

third affirmative defenses are stricken.  The Motion is otherwise denied.

ENTER:     June 28, 2012

                    _s/ Byron G. Cudmore_
                    BYRON G. CUDMORE
             UNITED STATES MAGISTRATE JUDGE