UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| H.D. SMITH WHOLESALE DRUG CO., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 11-3448 |
| DENNIS CRAWFORD d/b/a CRAWFORD PHARMACIES, | ) ) ) ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Plaintiff/ Counterdefendant H.D. Smith Wholesale Drug Co.'s ("H.D. Smith") Motion to Dismiss counterclaims for breach of contract (Count I) and fraud (Count II) alleged by Defendant/Counterclaimant Dennis Crawford, doing business as Crawford Pharmacies ("Crawford") (d/e 33). Crawford's breach of contract claim is not dismissed for failure to state a claim. However, the Court RECHARACTERIZES as a counterclaim Crawford's affirmative defense that challenges the amount owed to H.D. Smith and will treat the claim as if Crawford raised it as a counterclaim in his Original Answer. This renders it redundant for Crawford to again challenge the amount he owes H.D. Smith

in his counterclaim for breach of contract. Consequently, the Court STRIKES Crawford's counterclaim for breach of contract.

Further, the Court GRANTS H.D. Smith's Motion to Dismiss Crawford's claim for fraud in Count II of the Counterclaim because Crawford fails to state the basic elements of a fraud claim under Illinois law. Crawford has not sought leave to replead his claim for fraud, therefore, he is not given leave to do so. See d/e 59. Because Crawford's breach of contract and fraud claims have been disposed of on these separate grounds, the Court need not address H.D. Smith's argument to dismiss Crawford's Counterclaim with prejudice based on Crawford's failure to comply with Federal Rule of Civil Procedure 13.

## I.     FACTUAL BACKGROUND

H.D. Smith is a nationwide wholesale pharmaceutical company headquartered in Springfield, Illinois. See d/e 1, Ex. 2 at ¶ 1. Crawford operates pharmacies in Mathis, Bandera, Lytle, Orange Grove, and Poteet, Texas. See d/e 1, Ex. 2 at ¶ 1.

On or around August 1, 2011, Crawford duly executed and entered into a Primary Vendor Agreement with H.D. Smith. See d/e 3 at ¶ 20. On or about August 17, 2011 Crawford duly executed and entered into Promissory Note Agreements with H.D. Smith in original principal

amounts of $2,514,739.95 ("First Promissory Note") and $474,972.04 ("Second Promissory Note").  See d/e 1, Ex. 2 at ¶¶ 3, 5, 6.

## II.  PROCEDURAL BACKGROUND

On November 23, 2011, H.D. Smith filed a five-count Complaint in Sangamon County Circuit Court, Illinois.  See d/e 1, Ex. 2.  Counts I through III allege that Crawford breached the terms of the First Promissory Note (Count I), Second Promissory Note (Count II), and Primary Vendor Agreement (Count III).  Count IV seeks a Satisfaction of Debt on Crawford's unpaid account.  Count V seeks relief in quantum meruit.  See d/e 1, Ex. 2 at 1-10.  H.D. Smith seeks damages in excess of $3,000,000.  See d/e 1, Ex. 2 at 10.

On December 24, 2011, Crawford filed a Notice of Removal, a general denial to H.D. Smith's Complaint, and four affirmative defenses.  See d/e 1, Ex. 3 at 2-4.  The affirmative defenses included duress, unclean hands, fraud, and setoff.  Crawford's affirmative defense for setoff states:

> Defendant is not liable to Plaintiff because all proper setoffs have not been taken by Plaintiff.  Defendant acknowledges that he owes Plaintiff a sum of money, but denies that the amount claimed by Plaintiff contains all proper setoffs, discounts, and other deductions that Defendant is entitled to.

See d/e 1, Ex. 3 at 3.

Crawford filed his Original Answer on February 3, 2012 (d/e 3). Rather than asserting a general denial, Crawford addressed each of the allegations in H.D. Smith's Complaint. Crawford also reasserted verbatim his four affirmative defenses for duress, unclean hands, fraud, and setoff.

On May 11, 2012, H.D. Smith filed a Motion to Strike Defendant's Affirmative Defenses. See d/e 7. U.S. Magistrate Judge Byron G. Cudmore struck Crawford's duress and fraud defenses from Crawford's Original Answer, but allowed Crawford to proceed with his unclean hands and setoff defenses. See d/e 15. With regard to the setoff defense, Judge Cudmore stated, "H.D. Smith is technically correct that setoff may not be an affirmative defense. . . . [However,] Crawford's setoff defense furthers the case by putting both H.D. Smith and the Court on notice that a setoff will be an issue in this case." See d/e 15 at 6.

On August 10, 2012, H.D. Smith sought leave to file an Amended Complaint. See d/e 19. Judge Cudmore granted this Motion, and H.D. Smith filed an Amended Complaint on August 13, 2012. See d/e 20.

On August 16, 2012 Crawford, for the first time, filed a Counterclaim alleging claims against H.D. Smith for breach of contract under the Primary Vendor Agreement (Count I) and fraud under the Promissory Notes (Count

II).  See d/e 21.  Count I for breach of contract under the Primary Vendor Agreement states:

> H.D. Smith has breached the Primary Vendor Agreement, among other things: (a) failing to provide discounts to Crawford as agreed.  As a consequence of H.D. Smith's default, Crawford was unable to pay H.D. Smith as agreed and was ultimately sued by H.D. Smith in this Court.  Crawford has suffered damages as a direct and proximate result of H.D. Smith's breach of contract, which has now subjected Crawford to liability in excess of $3,037,008.91.

See d/e 21 at 2.

> Count II for fraud under the Promissory Notes states:
>
> H.D. Smith has committed fraud by, among other things: (a) inducing Crawford to sign the First and Second Promissory Notes under duress, knowing that Crawford was at a disadvantage as to the facts surrounding the terms of the notes and was not represented by counsel; specifically that Crawford was not given all of discounts under the terms of the agreements entered into previously by the parties; (b) including provisions in the First and Second Promissory Notes that H.D. Smith knew Crawford would breach; specifically, H.D. Smith included a bulk transfer provision knowing that Crawford was selling the company and would have to perform a bulk transfer of inventory within days of executing the promissory notes.  As a consequence of H.D. Smith's fraud, Crawford was unable to pay H.D. Smith as agreed and was ultimately sued by H.D. Smith in this Court.  Crawford has suffered damages as a direct and proximate result of H.D. Smith's breach of contract, which has now subjected Crawford to liability in excess of $3,037,008.91.

See d/e 21 at 2-3.

On August 24, 2012 Crawford filed an Amended Answer. See d/e 22. This restated verbatim Crawford's four original affirmative defenses for duress, unclean hands, fraud, and setoff. Compare d/e 22 at 13 with d/e 3 at 10-11.

On September 6, 2012, H.D. Smith filed a Motion to Strike Crawford's duress and fraud affirmative defenses from Crawford's Amended Answer. See d/e 30. On that same day, H.D. Smith also filed the instant Motion to Dismiss Crawford's claims against H.D. Smith for breach of contract and fraud. See d/e 33. H.D. Smith's Motion seeks dismissal based on Crawford's failure to comply with Federal Rule of Civil Procedure 13 and Crawford's failure to state claims for breach of contract and fraud. See d/e 33.

On November 5, 2012, Crawford filed his Response to H.D. Smith's Motion to Dismiss Crawford's Counterclaim. See d/e 59. Crawford, however, did not address H.D. Smith's Motion to Strike Defendant's First and Third Affirmative Defenses. See d/e 59. Therefore, the Court granted H.D. Smith's Motion to Strike Crawford's duress and fraud defenses from the Amended Answer. See Text Order of January 31, 2013.

H.D. Smith's Motion to Dismiss Crawford's Counterclaim is now before this Court for decision.

### III.   JURISDICTION AND VENUE

H.D. Smith is a Delaware Corporation with its principal place of business in Springfield, Illinois.  Dennis Crawford, a sole proprietor doing business as Crawford Pharmacies, operates in Texas.  Based on these facts, the parties are considered citizens of different states for jurisdictional purposes, and the amount in controversy in this matter exceeds $75,000.00.  Therefore, the Court has subject matter jurisdiction pursuant to the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

Moreover, the parties agreed in the Promissory Notes and Primary Vendor Agreement that Illinois law would apply and that this Court would hear disputes arising under the Agreements.  See d/e 20 at ¶¶ 19, 22, 29; see also d/e 22 at ¶¶ 19, 22, 29.  Therefore, venue is proper in this Court.  See e.g., Oakton Distributors, Inc. v. U-Line Corp, 2006 WL 2714695, at *4 (N.D. Ill. 2006) (applying choice of law and venue provisions in valid contract).

### IV.   LEGAL STANDARD

Under Rule 12(b)(6), dismissal is proper where a complaint or counterclaim fails to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  To state a claim upon which relief can be granted, a complaint or counterclaim must provide a "short and plain statement of the

claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). That statement must be sufficient to provide the opposing party with "fair notice" of the claim and its basis. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). This means that (1) "the complaint [or counterclaim] must describe the claim in sufficient detail to give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the claimant has a right to relief, raising that possibility above a "speculative level." EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007). While detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555. Conclusory allegations are "not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009) (citing Twombly, 550 U.S. at 544-55). "In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." In re marchFIRST Inc., 589 F.3d 901, 904 (7th Cir. 2009) (citing Tamayo, 526 F.3d at 1081).

## V.    ANALYSIS

In the instant Motion, H.D. Smith contends that Crawford's Counterclaim fails to state claims under Illinois law for breach of contract in Count I and fraud in Count II. H.D. Smith also argues for dismissal of the Counterclaim based on Crawford's alleged failure to comply with Federal Rule of Civil Procedure 13(a)(1). Rule 13(a)(1) requires a counterclaimant to allege all claims arising out of the transactions that form the subject matter of a complaint in the answer to that complaint. See Fed.R.Civ.P. 13(a)(1).

**A.    Crawford Puts H.D. Smith on Notice in His Affirmative Defense for Setoff of Crawford's Intent to Litigate the Amount Crawford Actually Owes H.D. Smith**

H.D. Smith argues first that Crawford fails to state a claim under Illinois law for breach of contract in Count I of the Counterclaim. See d/e 34 at 6-7. H.D. Smith also notes that Crawford's breach of contract claim disputes how much Crawford owes H.D. Smith. This, H.D. Smith correctly asserts, is the same issue raised by Crawford's affirmative defense for setoff. See d/e 34 at 5. Because Crawford's setoff defense should have been alleged as a counterclaim in Crawford's Answer to the Complaint, it will be recharacterized as such. This renders it redundant for Crawford to raise the same issue in his breach of contract counterclaim.

Crawford admits in his breach of contract claim that he "was unable to pay H.D. Smith as agreed." See d/e 21 at 2. Crawford argues, however, that he did not receive discounts he was entitled to. See d/e 21 at 2. It appears, then, as if Crawford's breach of contract claim challenges the amount he owes H.D. Smith.

Crawford's setoff defense also challenges the amount Crawford owes H.D. Smith. Specifically, Crawford stated as a defense in his Original Answer that he "acknowledges [owing H.D. Smith] a sum of money, but denies that the amount claimed by [H.D. Smith] contains all proper setoffs, discounts, and other deductions that [Crawford] is entitled to." See d/e 3 at 10-11; see also d/e 22 at 13.

Before the Federal Rules of Civil Procedure existed, the common law equitable doctrines of "setoff" and "recoupment" provided the methods by which a defendant could seek to reduce its liability by pleading that the plaintiff owed it money. See Coplay Cement Co., Inc. v. Willis & Paul Group, 983 F.2d 1435, 1440 (7th Cir. 1993).

In Coplay, the Seventh Circuit held that a claim for setoff or recoupment is not an affirmative defense because it does not destroy the plaintiff's right of action. See id. at 1440. In fact, a claim for setoff or recoupment is not technically a "defense" at all, but must be plead as a

counterclaim pursuant to Rule 13.  See id.; see also Ace Hardware Corp. v. Marn, Inc., 2008 WL 4286975, at *8 (N.D. Ill. 2008).

Based on the reasoning in Coplay, Crawford's claim that he owes less than H.D. Smith alleges must be brought as a counterclaim; not as an affirmative defense.  See Coplay, 983 F.2d at 1440; see also Ace Hardware Corp., 2008 WL 4286975, at *8.  However, under Federal Rule of Civil Procedure 8(c) "[i]f a party mistakenly designates . . . a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated . . . ."  Reiter v. Cooper, 507 U.S. 258, 263 (1993) (quoting Fed.R.Civ.P. 8(c)).

H.D. Smith acknowledges that "[t]he alleged failure of Plaintiff to apply discounts [is] a question of fact that is already at issue in this case by virtue of Defendant's" affirmative defense for setoff.  See d/e 34 at 5.  Judge Cudmore also stated when he declined to strike Crawford's setoff defense that while setoff is not properly pleaded as an affirmative defense, "Crawford's setoff defense furthers the case by putting [the parties] on notice that setoff will be an issue . . . ."  See d/e 15 at 6.

Clearly, Crawford has disputed the amount he owes H.D. Smith since the beginning of this case.  Therefore, justice requires recharacterizing Crawford's setoff defense as a counterclaim and treating the defense as if

Crawford alleged it as a counterclaim at the outset of this case.  See Fed.R.Civ.P. 8(c).

Further, recharacterizing the setoff defense renders it redundant for Crawford to raise the same issue in his breach of contract counterclaim. Redundant material may be struck by a court.  Fed.R.Civ.P. 12(f); <u>Delta Consulting Group, Inc. v. R. Randle Const., Inc.</u>, 554 F.3d 1133, 1141 (7th Cir. 2009).  Pursuant to this authority, the Court strikes Crawford's breach of contract claim.

**B.    Crawford Fails to Allege the Elements Necessary to State a Claim for Fraud Regarding the Promissory Notes in Count II of the Counterclaim**

H.D. Smith also argues that Crawford's claim for fraud lacks the basic elements required to state such a claim under Illinois law. <u>See</u> d/e 34 at 7-10.

In Illinois, the elements required to state a claim for fraud include a false statement of material fact; known or believed to be false by the person making it; an intent to induce the other party to act; action by the other party in reliance on the truth of the statement; and damage to the other party resulting from such reliance.  <u>Hoseman v. Weinschneider</u>, 322 F.3d 468, 476 (7th Cir. 2003) (citing <u>Cotter v. Parrish</u>, 166 Ill.App.3d 836, 117 Ill.Dec. 821, 520 N.E.2d 1172, 1175 (1988)).  Claims for fraud must be plead

with particularity. See Fed.R.Civ.P. 9(a). The claimant must state the who, what, when, where, and how of the circumstances of the fraud. Tillman v. U.S. Energy Sav. Corp., 2008 WL 2754813, at *3 (N.D. Ill. 2008).

Crawford appears to allege that he was induced, on or around August 17, 2011, by H.D. Smith to sign the Promissory Notes that require him to pay more to H.D. Smith than Crawford actually owes. See d/e 21 at 1. Crawford also alleges that H.D. Smith induced him to sign the Promissory Notes that included a prohibition on bulk transfers provision even though H.D. Smith knew Crawford intended to sell his business and would have to perform a bulk transfer of inventory. See d/e 21 at 1-3.

Crawford's allegations, however, do not include who made the alleged fraudulent misstatements that induced him to sign the Promissory Notes, what those alleged comments consisted of, or where the alleged comments were made.

Furthermore, Crawford does not state that H.D. Smith's fraudulent conduct caused Crawford the damages he alleges in his Counterclaim. Instead, Crawford states at the end of his fraud claim that "H.D. Smith's breach of contract . . . has now subjected Crawford to liability . . . ." See d/e 21 at ¶ 3. Because Crawford fails to state the basic elements of a fraud

claim, his claim is dismissed. Further, Crawford has not sought leave to replead. See d/e 59. Therefore, he will not be granted the right to do so.

Finally, Crawford's breach of contract and fraud claims have been disposed of on two separate grounds. Consequently, the Court need not address H.D. Smith's argument to dismiss Crawford's Counterclaim with prejudice based on Crawford's failure to comply with Federal Rule of Civil Procedure 13(a)(1).

## VI.   CONCLUSION

The Court does NOT dismiss Crawford's breach of contract counterclaim for failure to state a claim. However, the Court RECHARACTERIZES as a counterclaim Crawford's affirmative defense that challenges the amount owed to H.D. Smith and will treat the claim as if Crawford raised it as a counterclaim from the beginning of this case. This renders it redundant for Crawford to again challenge the amount he owes H.D. Smith in his counterclaim for breach of contract. Therefore, the Court STRIKES Crawford's counterclaim for breach of contract. Crawford need not file another Answer that includes a counterclaim that challenges the amount Crawford owes to H.D. Smith. H.D. Smith shall file all dispositive motions that address the newly characterized counterclaim by March 29, 2013. Crawford has until April 8, 2013 to file a response.

Further, the Court GRANTS H.D. Smith's Motion to Dismiss Crawford's claim for fraud in Count II of the Counterclaim. Crawford has not sought and therefore will not receive leave to replead his fraud claim. Because Crawford's breach of contract and fraud claims have been disposed of on two separate grounds, the Court need not address H.D. Smith's argument to dismiss Crawford's Counterclaim with prejudice based on Crawford's failure to comply with Federal Rule of Civil Procedure 13(a)(1).

IT IS SO ORDERED.

ENTER: March 19, 2013

FOR THE COURT:          s/ Sue E. Myerscough
                        SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE